**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BALFOUR BEATTY RAIL, INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO:** 3:10-CV-01629-L |
| THE KANSAS CITY SOUTHERN | § | |
| RAILWAY COMPANY, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANT THE KANSAS CITY SOUTHERN RAILWAY COMPANY'S
ORIGINAL ANSWER AND COUNTERCLAIM**

**TO THE HONORABLE COURT:**

COMES NOW, Defendant The Kansas City Southern Railway Company ("KCSR" or "Defendant") and files its original answer to Plaintiff's Original Petition (the "Petition") as follows:

**ORIGINAL ANSWER**

**FIRST DEFENSE**
(Answering the Allegations of the Petition)

1.      Because this case been removed from state court, the allegations related to a discovery control plan are not applicable.  KCSR will adhere to the scheduling order entered by the Court.

2.      On information and belief, KCSR admits that BBRI is a Wisconsin corporation. With respect to the remaining material factual allegations of Paragraph 2 of the Petition, KCSR lacks sufficient knowledge or information to form a belief about the truth of such allegations and, therefore, denies them.

3.      KCSR admits that it is a Missouri corporation with its principal place of business located at 427 West 12th Street, Kansas City, Missouri, 64105.  KCSR denies the remaining allegations in Paragraph 3 of the Petition regarding service of process as KCSR maintains a registered agent for service in Texas.

4.      With regard to the allegations in Paragraph 4 of the Petition, KCSR denies that jurisdiction is proper in the Dallas state district court because KCSR has removed this case to the Northern District of Texas, there is a complete diversity of citizenship, and the contract in dispute provides that "the parties must bring court proceedings in Texas District Court located in Dallas, Texas, *or in the United States District Court located in Dallas, Texas.*"

5.      With regard to the allegations in Paragraph 5 of the Petition, KCSR denies that a mandatory or permissive venue provision under the Texas Civil Practices & Remedies Code applies here because, among other things, KCSR has removed this case to the Northern District of Texas, there is a complete diversity of citizenship, and the contract in dispute provides that "the parties must bring court proceedings in Texas District Court located in Dallas, Texas, *or in the United States District Court located in Dallas, Texas.*"  [Emphasis added].

6.      On information and belief, KCSR admits the allegations contained in Paragraph 6 of the Petition.

7.      KCSR admits the allegations contained in Paragraph 7 of the Petition.

8.      KCSR admits the allegations contained in Paragraph 8 of the Petition.

9.      KCSR admits the allegations contained in Paragraph 9 of the Petition.

10.     KCSR admits the allegations contained in Paragraph 10 of the Petition.

11.     KCSR admits that the Master Agreement dated August 20, 2008 and the Statement of Work executed thereafter (collectively, the "Contract") contain provisions in

Section 2 that related to Work and Section 5 that related to changes in the work.  KCSR denies the remaining allegations contained in Paragraph 11 of the Petition.

12.     KCSR admits that that Plaintiff Balfour Beatty Rail, Inc. ("BBRI") commenced work during November 2008.  It further admits that BBRI ceased work on the project during July 2009, but denies that the project was completed satisfactorily and in accordance with the Contract.  KCSR admits that, from time to time, BBRI submitted change order requests, but denies that each of those requests were timely submitted or otherwise valid under the Contract. To the extent not specifically admitted, KCSR denies the remaining allegations contained in Paragraph 12 of the Petition.

13.     KCSR admits that BBRI submitted Change Order requests from time to time. KCSR denies the remaining material allegations contained in Paragraph 13 of the Petition.

14.     KCSR admits that BBRI submitted a Change Order request in the amount of $464,056.00 and admits that KCSR has not paid this amount, and states that the proposed Change Order was not agreed to by KCSR.  KCSR denies the remaining material allegations contained in Paragraph 14 of the Petition.

15.      KCSR admits that BBRI submitted a Change Order request in the amount of $942,231.00 and admits that KCSR has not paid this amount, and states that the proposed Change Order was not agreed to by KCSR.  KCSR denies the remaining material allegations contained in Paragraph 15 of the Petition.

16.     KCSR admits that BBRI submitted a Change Order request in the amount of $3,938,513.00 and admits that KCSR has not paid this amount, and states that the proposed Change Order was not agreed to by KCSR.  KCSR denies the remaining material allegations contained in Paragraph 16 of the Petition.

17.     KCSR incorporates its previously-stated responses to the paragraphs that BBRI incorporates into Paragraph 17 of the Petition.

18.     KCSR admits that it and BBRI entered into the Contract, that the Contract was supported by consideration, and that KCSR agreed to pay BBRI for specific work in accordance with the terms of the Contract.  KCSR denies the remaining material allegations contained in Paragraph 18 of the Petition.

19.     KCSR admits that certain Change Orders were agreed to by KCSR and BBRI in accordance with the terms of the Contract.  KCSR denies the remaining material allegations contained in Paragraph 19 of the Petition.

20.     KCSR denies the material allegations contained in Paragraph 20 of the Petition.

21.     KCSR denies the material allegations contained in Paragraph 21 of the Petition.

22.     KCSR denies the material allegations contained in Paragraph 22 of the Petition.

23.     KCSR incorporates its previously-stated responses to the paragraphs that BBRI incorporates into Paragraph 23 of the Petition.

24.     KCSR denies the material allegations contained in Paragraph 24 of the Petition.

25.     KCSR denies the material allegations contained in Paragraph 25 of the Petition.

26.     KCSR denies the material allegations contained in Paragraph 26 of the Petition.

27.     KCSR incorporates its previously-stated responses to the paragraphs that BBRI incorporates into Paragraph 27 of the Petition.

28.     KCSR admits that it is the owner of the construction project at issue in this suit, and that BBRI contracted to perform work and/or provide materials for that project. KCSR denies, however, that it is liable to BBRI for any amounts under Texas Property Code Chapter

28, and therefore denies the material factual allegations contained in Paragraph 28 of the Petition.

29.    KCSR denies the material allegations contained in Paragraph 29 of the Petition.

30.    KCSR denies the material allegations contained in Paragraph 30 of the Petition.

31.    KCSR incorporates its previously-stated responses to the paragraphs that BBRI incorporates into Paragraph 31 of the Petition.

32.    KCSR denies the material allegations contained in Paragraph 32 of the Petition.

33.    KCSR denies the material allegations contained in Paragraph 33 of the Petition.

34.    KCSR denies the material allegations contained in Paragraph 34 of the Petition.

35.    KCSR denies the material allegations contained in Paragraph 35 of the Petition.

36.    KCSR denies the material allegations contained in Paragraph 36 of the Petition.

37.    To the extent not specifically admitted in Paragraphs 1 – 36 above, KCSR specifically denies any remaining material allegations contained in the Petition and denies that BBRI is entitled to the relief requested in its prayer.

### SECOND DEFENSE

38.    Answering further, BBRI's quantum meruit and unjust enrichment claims are barred because there was a valid express contract between KCSR and BBRI that covered the work and/or materials alleged.

### THIRD DEFENSE

39.    Answering further, BBRI's quantum meruit and unjust enrichment claims are barred by its unclean hands and failure to act in good faith.

## FOURTH DEFENSE

40.     Answering further, BBRI's claims are barred to the extent KCSR is entitled to an offset for extra-contractual material costs that were caused by BBRI's failure to perform the work according to the Contract specifications.

## FIFTH DEFENSE

41.     Answering further, BBRI's claims are barred to the extent KCSR is entitled to an offset to the extent the work performed by BBRI was defective and required additional work to be performed by KCSR to repair the defects.

## SIXTH DEFENSE

42.     Answering further, BBRI's claims are barred because it failed to perform all conditions precedent to the Contract needed to obtain the relief it seeks.

## SEVENTH DEFENSE

43.     Answering further, BBRI's claims are barred to the extent it failed to reasonably mitigate its damages.

## EIGHTH DEFENSE

44.     Answering further, BBRI's claims for consequential and indirect damages are barred by the limitation-of-liability provision contained in Section 22 of the Master Agreement.

## NINTH DEFENSE

45.     Answering further, BBRI's claims under the Texas Prompt Payment Act are barred because KCSR does not owe the money demanded by BBRI under the Contract or, alternatively, a good faith dispute exists between KCSR and BBRI as to  the amounts owed under the Contract.

**TENTH DEFENSE**

46.     Answering further, BBRI's claims for breach of contract are barred by BBRI's breach of the contract at issue.

## COUNTERCLAIM

Counter-Plaintiff The Kansas City Southern Railway Company ("KCSR") asserts the following counterclaim against Counter-Defendant Balfour Beatty Rail, Inc. ("BBRI") and in support would show as follows:

47.     KCSR entered into a Master Agreement with Balfour Beatty Rail, Inc. dated August 20, 2008 for the construction of approximately 64 miles of main line rail track, sidings, and associated facilities between Victoria, Texas and Rosenberg, Texas (the "Master Agreement.").

48.     The scope of work required by the Master Agreement was detailed in a Statement of Work which was incorporated into the Master Agreement.  The Statement of Work and the Master Agreement, collectively, make up the "Contract" between BBRI and KCSR.

49.     KCSR performed its obligations under the Contract.

50.     KCSR has performed all conditions precedent to BBRI's required performance of its obligations under the Contract and all conditions precedent necessary for KCSR to bring this breach of Contract claim have occurred.

51.     As stated in the Contract, BBRI agreed to complete its obligations before a specific deadline.  Time was of the essence under the Contract.

52.     BBRI breached the contract, *inter alia*, by failing to timely complete its contractual obligations and by failing to perform the work in compliance with the plans and specifications specified by the Contract.

53.     BBRI's breaches of the Contract damaged KCSR and KCSR seeks recovery of those damages.

54.     In addition, KCSR is entitled to recovery of its reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code.

PRAYER

WHEREFORE, Defendant The Kansas City Southern Railway Company respectfully prays that Plaintiff Balfour Beatty Rail, Inc. take nothing by reason of its suit, that KCSR be awarded judgment for its damages, its reasonable and necessary attorneys' fees, pre-judgment interest as allowed by law, post-judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, to which it is entitled.

Respectfully submitted,


By: _/s/ *Paul O. Wickes*_

Paul O. Wickes
State Bar No. 00788663
**WICKES LAW, PLLC**
5600 Tennyson Parkway
Suite 285
Plano, Texas  75024
(972) 473-6900
(972) 767-3225 FAX
pwickes@wickeslaw.com

James Lanter
State Bar No. 11940700
**LANTER ♦ WESTERMANN, P.C.**
226 Bailey Avenue, Suite 100
Fort Worth, Texas  76107
(214) 335-0400
(214) 335-0403 FAX
jiml@lanterwestermann.com

**ATTORNEYS FOR THE KANSAS CITY SOUTHERN RAILWAY COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via the court's electronic filing system on the 27th day of August 2010.


　　　　　　　　　　　　 /s/ *Paul O. Wickes*