IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BALFOUR BEATTY RAIL, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1629-L** |
| | § | |
| **KANSAS CITY SOUTHERN** | § | |
| **RAILWAY COMPANY**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Balfour Beatty Rail, Inc.'s Motion to Remand, filed August 26, 2010. After careful consideration of the motion, response and brief, reply, record, and applicable law, the court **denies** Balfour Beatty Rail, Inc.'s Motion to Remand.

**I.    Background**

Balfour Beatty Rail, Inc. ("BBRI") originally filed this action against Kansas City Southern Railway Company ("KCSR") in the 191st Judicial District Court, Dallas County, Texas, on July 19, 2010. BBRI asserted claims for breach of contract, quantum meruit and unjust enrichment, violation of the Texas Private Prompt Payment Act, and attorney's fees. On August 20, 2010, KCSR removed the state action to federal court on the grounds that complete diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs.

BBRI seeks to remand this case to state court because it contends that KCSR waived its right to remove this action to federal court pursuant to a forum selection clause in the Master Agreement between Kansas City Southern Railway Company and Balfour Beatty Rail, Inc. (the "Agreement").

**Memorandum Opinion and Order - Page 1**

KCSR counters that the applicable language in the Agreement does not constitute "a clear and unequivocal waiver" and urges the court to deny the motion to remand.

## II. Legal Standard

A party to a contract may waive its right to remove an action to federal court. *Waters v. Brown-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001). Specifically, "[a] party may waive its rights by explicitly stating that it is doing so, by allowing the other party to choose venue, or by establishing an exclusive venue within the contract." *City of New Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004). To prevent a defendant from exercising its right to remove, the forum selection clause must establish "a clear and unequivocal waiver of that right." *Id.* (citation omitted). That a party may agree to jurisdiction in one forum, however, "does not necessarily waive its right to have an action heard in another. For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* (citation omitted).

## III. Analysis

The contractual language on which BBRI seeks remand of this action provides: "Except as necessary to enforce indemnity or defense obligations, the parties must bring court proceedings in Texas District Court located in Dallas, Texas, or in the United States District Court located in Dallas, Texas. Each party agrees to the personal jurisdiction of either court." Agreement, Section 21. Other than setting forth the standard for waiver, the cases cited by the parties are only of minimal assistance to the court. This is so because neither BBRI nor KCSR provides the court with any Fifth Circuit or Supreme Court precedent that analyzes a forum selection clause identical or substantially similar to the one in issue in this action.

The court begins its discussion by stating what is not in issue. The parties do no assert, or convince the court, that this is an action to enforce indemnity or defense obligations. Accordingly, this provision of the forum selection clause is not in play, and the court will not address it. The court now turns to that part of the clause on which the parties have differing views.

BBRI argues that KCSR waived its right to remove because BBRI first exercised its right to select in which of the two forums it would file suit and because KCSR agreed to personal jurisdiction in either court. The court disagrees. Nothing in the clause grants BBRI the exclusive right to select the forum to file a lawsuit. The plain language of the provision states that a court proceeding must be filed either in a Texas District Court located in Dallas, Texas, or a United States District Court located in Dallas, Texas. Under this provision, both BBRI and KCSR, depending on whom got to the courthouse first, had the unquestionable right to file in state or federal court, as long as that court was located in Dallas, Texas. BBRI got to the courthouse first and elected to file in the 191st Judicial District Court, which was permissible because this court is a Texas District Court located in Dallas, Texas. The story, however, does not end merely because BBRI filed first and selected the state forum.

The language that "[e]ach party agrees to the personal jurisdiction of either court" does not waive KCSR's right to remove the action. BBRI misapprehends this provision by reading it too broadly. This provision means that neither of the parties would contest or challenge either court's personal jurisdiction over them, that is, no party would seek a dismissal or transfer of the case on the basis of lack of personal jurisdiction. This is simply a waiver of any right to challenge personal jurisdiction. Nothing in the Agreement addresses a party's right to remove the court proceeding to federal court. A plaintiff may not remove an action from state court to federal court; this right

belongs exclusively to a state court defendant. 28 U.S.C. § 1441(a); *McKenzie v. United States*, 678 F. 2d 571, 574 (5th Cir. 1982). Contrary to BBRI's assertion, a defendant does not retain a power of veto over a plaintiff's choice of forum. The state defendant is merely exercising a statutory right authorized by Congress. If the alignment of parties were different in this case and BBRI sought to remove, it would have the same statutory right to do so, and KCSR would be in the same position as is BBRI in this case. In other words, had KCSR filed an action in state court pursuant to the Agreement, BBRI as a defendant in such action would have the same statutory right to remove as does KCSR in this action. The parties simply did not tie up the loose ends prior to the execution of the Agreement. This could have been accomplished by the parties stating that each would forgo any right of removal to federal court, by omitting the word "personal" before the word "jurisdiction," or by including other specific language to demonstrate that a particular forum would have exclusive jurisdiction. The clause does not grant BBRI the sole right to select venue, and it does not reflect the parties' intent to make jurisdiction exclusive in a state district court in Dallas, Texas. Accordingly, there is no clear and unequivocal waiver of KCSR's right to remove this action to federal court.

### IV. Conclusion

For the reasons herein sated, KCSR has not waived its right to remove this action to federal court. Accordingly, the court **denies** Balfour Beatty Rail, Inc.'s Motion to Remand.

**It is so ordered** this 29th day of September, 2010.

Sam A. Lindsay
United States District Judge