IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BALFOUR BEATTY RAIL INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1629-L** |
| | § | |
| **THE KANSAS CITY SOUTHERN RAILWAY COMPANY**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Balfour Beatty Rail Inc.'s Motion for New Trial or in the Alternative Motion to Alter or Amend the Judgment (Doc. 110); Balfour Beatty Rail Inc.'s Motion for Relief From the Judgment (Doc. 112); and Balfour Beatty Rail Inc.'s Motion to Add or Amend Findings of Fact (Doc. 114), all of which were filed April 22, 2016. After considering the motions, briefs, record, and applicable law, the court **denies** Balfour Beatty Rail Inc.'s Motion for New Trial or in the Alternative Motion to Alter or Amend the Judgment (Doc. 110); **denies as moot** Balfour Beatty Rail Inc.'s Motion for Relief From the Judgment (Doc. 112); and **denies** Balfour Beatty Rail Inc.'s Motion to Add or Amend Findings of Fact (Doc. 114).

### I.    Relief Requested in Plaintiff's Postjudgment Motions

After a bench trial and entry of judgment on March 25, 2016, Plaintiff Balfour Beatty Rail Inc. ("Plaintiff") moved, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), requesting that the court grant its request for a new trial or grant its alternative request to alter or amend the judgment in this case and "find that KCSR is not entitled to either (1) a judgment on the alleged

breach of contract claim for wasted ballast and/or (2) that it has failed to meet its burden of proving damages as it relates to KCSR's alleged remedial damages for the alleged breach." Pl.'s Mot. 6. Plaintiff contends that the court's findings of fact and conclusions of law contain a number of manifest errors. In addition, Plaintiff requests that the court alter or amend the award of prejudgment interest, attorney's fees, and costs to Defendant The Kansas City Southern Railway Company ("Defendant") because it contends that Defendant would not entitled to such relief if the court grants Plaintiff's motions. Plaintiff also requests that it be allowed to amend or add to the court's factual findings under Rule 52 "to correct manifest errors of law or fact." Pl.'s Mot. 2 (citing *Fontenot v. Mesa Pet. Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986)). In essence, Plaintiff disagrees with several of the court's factual findings that support the court's judgment in favor of Defendant on its breach of contract counterclaim for wasted ballast. Plaintiff's motions are opposed.

## II.  Legal Standards Applicable to Plaintiff's Motions Under Rules 59 and 60(b)

Under Rule 59(a)(2), applicable to nonjury trials, "the court may, on motion for new trial, open the judgment if one has been entered, may take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Amending a judgment under Rule 59(e) is appropriate: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," *Templet*, 367 F.3d

**Memorandum Opinion and Order – Page 2**

at 478, and may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Rule 60(b) states that the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(l)-(6). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)). Under Rule 60(b), the court may relieve a party from a final judgment for a substantive legal error if the error is obvious and apparent on the record. *Benson v. Saint Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (citation omitted). The party seeking relief on this ground must establish that the judgment

obviously conflicts with a clear statutory mandate or that the error involves a fundamental misconception of the law. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987).

**III.   Analysis**

As noted above, Plaintiff's motions under Rule 59(e) and Rule 60(b) seek the same relief. A determination of whether a motion falls under Rule 59(e) or Rule 60(b) depends on when the motion was filed. *Demahy*, 702 F.3d at 182 n.2. Rule 59(e), rather than Rule 60(b), applies here because Plaintiff filed its motions within 28 days after the final judgment in this case was entered. *See id.* While Plaintiff disagrees with certain legal conclusions and evidentiary findings in the court's March 31, 2016 opinion, the court determines that the matters raised in Plaintiff's motions do not constitute manifest error. As noted above, Rule 59(e) may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe*, 885 F.2d at 289. Further, the court's factual findings are supported by the record, and its credibility determinations regarding the evidence and witness testimony are based upon its assessment of the evidence and observation of the witnesses' demeanor while testifying and other factors it mentioned in its memorandum opinion and order of March 25, 2016.

For the same reasons, the court disagrees that any manifest error has occurred that would justify allowing Plaintiff's proposed amended findings. Moreover, as noted in the court's opinion, the court spent considerable time wading through the legal and factual issues that formed the bases for its decision because the manner in which the evidence was presented made the court's job quite onerous. Although the parties agreed to preadmit the majority of exhibits, there was insufficient discussion by the parties of many of the exhibits during the trial and in their posttrial briefs. The

correlation between the evidence and the claims and defenses was also lacking. The court, therefore, declines to revisit or amend its findings to give Plaintiff a proverbial second "bite at the apple."

For all of these reasons, the court determines that Plaintiff is not entitled to the relief requested under Rules 59(a)(2) or 59(e), and Plaintiff's motion under Rule 60(b) is mooted by the court's determination that Rule 59 applies rather than Rule 60(b). Regardless, Plaintiff's motions fail under either standard.

## IV.     Conclusion

For the reasons stated, the court **denies** Balfour Beatty Rail Inc.'s Motion for New Trial or in the Alternative Motion to Alter or Amend the Judgment (Doc. 110); **denies as moot** Balfour Beatty Rail Inc.'s Motion for Relief From the Judgment (Doc. 112); and **denies** Balfour Beatty Rail Inc.'s Motion to Add or Amend Findings of Fact (Doc. 114).

**It is so ordered** this 17th day of October, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge