**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BALFOUR BEATTY RAIL, INC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-1629-L |
| | § | |
| **THE KANSAS CITY SOUTHERN** | § | |
| **RAILWAY COMPANY,** | § | |
| **Defendant.** | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Order of Reference*, dated April 12, 2016, before the Court for recommendation is the defendant's *Motion for Award of Attorneys' Fees and Supporting Brief*, filed April 7, 2016 (doc. 106). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

This application for attorneys' fees arises out of a lawsuit between Balfour Beatty Rail, Inc. (Plaintiff) and The Kansas City Southern Railway Company (Defendant) filed on July 19, 2010, in the 191st Judicial District Court in Dallas County, Texas. (doc. 1 at 1.) Plaintiff asserted claims arising from "construction delays and work performed by it on sixty-four miles of railway track line that runs from Rosenberg, Texas, to Victoria, Texas." (doc. 101 at 2-3.)[1] Defendant removed the case to federal court and asserted counterclaims. (doc. 4.) Both parties sought attorneys' fees, prejudgment and postjudgment interest, and costs. (doc. 101 at 3.)

On September 16, 2011, both parties filed motions for summary judgment, which were

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

granted in part and denied in part. (*See* docs. 24, 26, 40.) At a bench trial held on April 2-11, 2013, the following remaining claims were tried: (1) Plaintiff's contract claim for cumulative impact or prolongation delay damages; (2) Plaintiff's claims based on Change Orders 4 and 36 through 50 (contract and quantum meruit); (3) Plaintiff's claim under the Texas Prompt Payment Act; (4) Defendant's breach of contract counterclaim to recover for ballast material allegedly wasted by Plaintiff; and (5) Defendant's breach of contract counterclaim to recover the cost of retaining additional contractors to perform tamping, regulating, and de-stressing to supplement and assist Plaintiff in completing its scope of work. (doc. 101 at 1-2.)

In a memorandum opinion dated, March 25, 2016, the Court found that Plaintiff was entitled to $47,561.43 ($34,820.35 in damages and $12,741.08 in prejudgment interest) for Change Order Nos. 45-47, and 50, subject to Defendant's right to a setoff, and Defendant was entitled to recover $3,027,596.63 ($2,353,299.40 in damages minus setoff of $47,561.43, plus $721,858.66 prejudgment interest) on its counterclaim. (doc. 102 at 1.) Defendant was also found to be entitled to postjudgment interest at the federal rate of .67 percent per annum, and "all allowable and reasonable costs of court [were] taxed against Plaintiff."[2] (*Id.*) All other claims were dismissed with prejudice, "except with respect to attorney's fees." (*Id.*)

On April 7, 2016, Defendant moved for $969,934.33 in attorneys' fees, and $100,000 in contingent attorneys' fees in the event of an appeal in this case. (doc. 106 at 2-3.) Plaintiff objected on grounds that "[t]o recover attorney fees, the party must be considered the prevailing party. . . . [Plaintiff] does not believe [Defendant] is the prevailing party and therefore, is not entitled to recover attorney [sic] fees." (doc. 116 at 2.) The application is now ripe for recommendation.

---

[2] On May 5, 2016, the Clerk of Court taxed $38,002.45 in costs against Plaintiff. (doc. 118.)

## II. ATTORNEYS' FEES

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). An award of attorneys' fees is governed by state substantive law. *Chevron USA, Inc. v. Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). Federal procedure, however, requires that claims for attorneys' fees generally be made by motion filed within 14 days of the entry of judgment pursuant to Fed. R. Civ. P. 54(d)(2). *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996); *see also Evanston Ins. Co. v. Graves*, No. 3:13-CV-959-D, 2013 WL4505181, at *1 (N.D. Tex. Aug. 23, 2013) ("Rule 54(d) does not create a substantive right to attorney's fees. It is a procedural rule that provides that a claim for attorney's fees and related nontaxable expenses is to be made by motion."); *CSMG Techs., Inc. v. Allison*, No. 4:07-CV-0715, 2009 WL 2242351, at *3 n.20 (S.D. Tex. July 24, 2009) (noting that party seeking attorneys' fees under Texas law in a diversity case must still follow federal procedural rules). The party seeking fees has the burden to "specify the judgment and the statute, rule, or other grounds" that entitles it to the award. *See* Fed. R. Civ. P. 54(d)(2)(B)(ii).

**A.   Prevailing Party**

Defendant seeks attorneys' fees under Texas Civil Practice and Remedies Code § 38.001, *et seq.* as a prevailing party on a claim based on a written contract. (doc. 106 at 2.)

Under Texas law, a party may recover attorneys' fees only when allowed by statute or contract. *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011) (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106,

3

120 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006)). Section 38.001(8) provides that a party "may recover reasonable attorneys' fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2014).[3] "To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1994) (citing *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995)). When a prevailing party in a breach of contract suit seeks attorneys' fees, an award of reasonable fees is mandatory under § 38.001 if there is proof that the fees are reasonable. *See Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 & n.2 (5th Cir. 2000).

"[T]o prevail, a claimant must obtain actual and meaningful relief, something that materially alters the parties' legal relationship. That is, a plaintiff must prove compensable injury and secure an enforceable judgment in the form of damages or equitable relief." *Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 652 (Tex. 2009) (citation omitted). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 654. In considering whether a party was a "prevailing party" for the purposes of attorneys' fees on a breach-of-contract claim, the Texas Supreme Court noted:

vindication is not always victory. However satisfying as a matter of principle,

---

[3] In addition to the statutory right to recover attorneys' fees under the provisions of § 38.001, "[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38." *Intercontinental Group Partnership v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009). "[T]he terms of the contract, not statute, control the outcome of the case." *Bennigan's Franchising Co., LLC*, 2011 WL 3903068, at *3 (citation omitted)); *accord Intercontinental Group*, 295 S.W.3d at 653 (determining attorneys' fees according to mandatory fee-award contract and looking to § 38.001 only as instructive but not controlling).

> "purely technical or *de minimis*" success affords no actual relief on the merits that would materially alter [the movant's] relationship with [the other party]. Accordingly, [the moving party], while perhaps a "nominal winner" in convincing the jury that it was "wronged," cannot be deemed a "prevailing party" in any non-Pyrrhic sense.

*Intercontinental Group*, 295 S.W.3d at 656-57 (citations omitted); *accord Farrar v. Hobby*, 506 U.S. 103, 117 (1992) (O'Connor, J., concurring) (noting that a plaintiff who achieved purely a technical victory or a "[c]himerical accomplishments" had, in reality, "failed to achieve victory at all, or [had] obtained only a pyrrhic victory for which the reasonable fee [was] zero."). In other words, "a client must gain something before attorney's fees can be awarded." *Id.* (quoting *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009)).[4]

Here, Plaintiff argues that Defendant is not a "prevailing party" because its postjudgment motions: (1) a motion for new trial or in the alternative motion to alter or amend the judgment (doc. 110), (2) a motion for relief from judgment (doc. 112), and (3) a motion to add or amend findings of fact (doc. 114). (doc. 116 at 2.) On October 17, 2016, Plaintiff's three motions were denied. (doc. 126.) Plaintiff makes no other arguments for why Defendant should not be considered a "prevailing party" under § 38.001 or why it is not entitled to attorneys' fees. (*See* doc. 116 at 1-4.)

Moreover, after accounting for Plaintiff's setoff of $47,561.43, Defendant was found to be entitled to $3,027,596.63 on its counterclaim. (doc. 102 at 1.) Because Defendant's claim related to the main issue between the parties, it prevailed on that claim, and it was awarded actual and meaningful relief in terms of damages (even after setoff). Accordingly, it is considered a "prevailing party" under § 38.001. *See Intercontinental Group*, 295 S.W.3d at 652.

---

[4] When a contract does not define "prevailing party," "[courts] presume the parties intended the term's ordinary meaning." *Intercontinental Group*, 295 S.W.3d at 653.

**B.      Amount of Fees**

Defendant seeks attorneys' fees incurred in the amount of $969,934.33. (doc. 106 at 2.)

"Although courts should consider several factors when awarding attorney's fees, a short hand version of these considerations is that the trial court may award those fees that are 'reasonable and necessary' for the prosecution of the suit." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991) (citations omitted). In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors to determine the reasonableness of attorneys' fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818 (citing Tex. Disciplinary Rules Prof'l Conduct R. 1.04(b)). The fee applicant is not required to present evidence on all of the factors, however. *Weaver v. Jamar*, 383 S.W.3d 805, 814 (Tex. App.–Houston [14th Dist.] 2012, no pet.). "The trial court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of

the participants as lawyers and judges, and the relative success of the parties." *Id.*

In Texas, uncontroverted attorney testimony or an affidavit testifying to the attorney's qualifications, reasonableness of the attorneys' fees, and the basis for the opinion may be sufficient to support an award of attorneys' fees. *See Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.–Fort Worth 1997, no writ) ("Where . . . trial counsel's testimony concerning attorneys' fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law. This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so."). "The court, as a trier of fact, may award attorneys' fees *as a matter of law* in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam) (emphasis added).

Here, Defendant submits declarations from two of its counsel and billing records. (*See* docs. 106-1, 106-2) The attorneys' declarations and billing records set out the hourly rates for the individuals who worked on the case, (*see id.*), state that their rates are reasonable based on their skills and experience, and opine that the fees incurred are reasonable and necessary (docs. 106-1 at 7; 106-2 at 8). The affidavits state that the attorneys billed $969,934.33 in "fee[s] for the reasonable and necessary services." (doc. 106-2 at 9.) Under Texas law, Defendant's evidence is "legally sufficient" for an award of attorneys' fees. *See In re Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App–Tyler 2009, no pet.) ("attorney swore under oath that he is a licensed attorney, he is familiar with the reasonable and necessary attorney's fees charged for appeals in civil actions such as this case, he has personal knowledge of the services rendered to [the party] in this matter, and those services were reasonable, necessary, and customary. Thus, [the party's] attorney's affidavit

sufficiently established reasonable attorney's fees and is legally sufficient to support the trial court's award of attorney's fees."). Although Plaintiff filed a response and objection to Defendant's motion, it addressed only whether Defendant was a "prevailing party." (*See* doc. 116.) It failed to rebut or controvert Defendant's evidence regarding fees. (*See id.*) Accordingly, the requested attorneys' fees are reasonable as a matter of law. *See Ragsdale*, 801 S.W.2d at 882. Defendant's motion should therefore be granted.

### C.     **Conditional Appellate Attorneys' Fees**

In case of an unsuccessful appeal by Plaintiff, Defendant requests conditional appellate attorneys' fees of $100,000. (doc. 106 at 2-3.)

In Texas, "[i]t is well-settled that the trial court's award of attorneys' fees may include appellate attorneys' fees." *Jones v. American Airlines, Inc.*, 131 S.W.3d 261, 271 (Tex. App.–Fort Worth 2004, no pet.) (citations omitted). In order for conditional appellate attorneys' fees to be awarded, "there must be evidence of the reasonableness of the fees pertaining to the appellate work, and the trial court must condition the award of attorneys' fees to an appellee upon the appellant's unsuccessful appeal." *Id.* When the fee-opponent does not object or challenge the request for conditional appellate attorneys' fees supported by evidence, it is generally awarded. *See Keeton v. Wal-Mart Stores, Inc.*, 21 F. Supp. 2d 653, 663 (E.D. Tex. 1998) (applying Texas law, the court granted the fee-applicant's request for conditional appellate attorney fees, especially in the absence of the fee-opponent's objection); *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 211-12 (Tex. App.–Corpus Christi-Edinburg 2013, pet. denied) (overturning the jury's award of zero conditional appellate attorney's fees, the court ruled that when the fee-opponent failed to challenge the reasonableness or necessity of the appellate fees as testified

by the fee-applicant attorney, "no reasonable juror could have concluded that zero conditional appellate attorney's fees should have been awarded."); *Morales v. Rice*, 388 S.W.3d 376, 385 (Tex. App.–El Paso 2012, no pet.) (affirming the trial court's award of conditional appellate attorneys' fees based on the testimony of the party's attorney). Defendant's attorneys opined that based on their "experience" and "familiar[ity] with the work involved in prosecuting and defending appeals in cases such as this and . . . and attorneys' fees typically incurred in such cases," the requested conditional appellate attorneys' fees are reasonable and necessary. (docs. 106-1 at 8; 106-2 at 9.) Plaintiff failed to object or challenge the reasonableness or necessity of the requested fees. (*See* doc. 116.) Accordingly, Defendant's request for conditional appellate attorneys' fees should be granted.

## III. RECOMMENDATION

Defendant motion should be **GRANTED**, and it should be awarded $969,934.33 in attorneys' fees. If Plaintiff is unsuccessful on appeal, contingent appellate attorneys' fees should be **GRANTED** in the amount of $100,000.

**SO RECOMMENDED** on this 28th day of October, 2016.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE