IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BALFOUR BEATTY RAIL INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1629-L** |
| | § | |
| **THE KANSAS CITY SOUTHERN** | § | |
| **RAILWAY COMPANY**, | § | |
| | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court is Defendant's Motion for Award of Attorneys' Fees (Doc. 106), filed April 7, 2016. On October 28, 2016, Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant Defendant's Motion for Award of Attorneys' Fees and award Defendant The Kansas City Southern Railway Company ("KCSR" or "Defendant") $969,934.33 for attorney's fees as the prevailing party, plus $100,000 for contingent appellate attorney's fees if Defendant is successful on appeal. In its objections to the Report, Plaintiff Balfour Beatty Rail, Inc. ("Balfour" or "Plaintiff") contends that Defendant is not entitled to recover attorney's fees because it is not a prevailing party. The court disagrees.

After considering the motion, file, Report, and record in this case, and conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Balfour's objections, **grants** Defendant's Motion for Award of

**Order - Page 1**

Attorneys' Fees (Doc. 106), and **awards** KSCR **$969,934.33** in reasonable attorney's fees.  KCSR is also awarded **$100,000** in contingent appellate attorney's fees if it succeeds on appeal to the United States Court of Appeals for the Fifth Circuit.

KCSR is entitled to and shall recover postjudgment interest on the award of $969,934.33 at the current federal rate of **.70%**.  KCSR shall recover postjudgment interest on the award of $100,000 only if it prevails at the appellate level.  Postjudgment interest with respect to the $100,000 award shall not accrue until all appeals to the Fifth Circuit become final.  Postjudgment interest on the award of $100,000 shall accrue at the then-applicable federal rate.

The court notes that Plaintiff made no specific objection to Defendant's request for contingent attorney's fees regarding an appeal to the Fifth Circuit when Defendant's motion for attorney's fees was pending before the magistrate judge or when it made its objections to the Report.  Thus, Plaintiff has waived its right to object to the $100,000 award of contingent appellate attorney's fees, assuming, of course, that Defendant prevails in any appeal to the Fifth Circuit.

**It is so ordered** this 16th day of November, 2016.

_____
Sam A. Lindsay
United States District Judge